Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

Phillip Shaverdian (SBN 328657)
pshaverdian@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213-896-6000
Facsimile: 213-896-6600

Mark D. Hopson (*pro hac vice*)
mhopson@sidley.com
Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Christina C. Koenig (*pro hac vice*)
christina.koenig@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Ste. 2000
Dallas, TX 75201
Telephone: 214-969-3300
Facsimile: 214-969-3400

*Attorneys for Defendants Adobe Inc.,
Maninder Sawhney, and David Wadhwani*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE INC., a corporation,<br>MANINDER SAWHNEY, individually, and<br>DAVID WADHWANI, individually,<br><br>    Defendants. | Case No. 5:24-cv-03630-BLF<br><br>**DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL**<br><br>Complaint Filed: June 17, 2024 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Adobe Inc., Maninder Sawhney, and David Wadhwani file this statement in response to Plaintiff United States's Administrative Motion to Consider Whether Another Party's Material Should be Sealed [ECF No. 2]. Defendants seek to keep under seal just one sentence in the twenty four page complaint [ECF No. 1] and to seal the personal home addresses of the individual defendants, which were listed on certificates of service filed by Plaintiff.

## BACKGROUND

Plaintiff filed its complaint on June 17, 2024. *See* ECF No. 1. The publicly filed complaint included a number of redactions because allegations were derived from confidential material produced by Adobe in response to a Civil Investigative Demand issued by the Federal Trade Commission. *See* ECF No. 2 at 2. When it filed its complaint, administrative motion, and notices of appearances, Plaintiff included the personal home addresses of Defendants Sawhney and Wadhwani in the certificates of service. *See* ECF Nos. 1, 2, 7, 9, 10, 11. Replacement versions of those documents have been filed without the certificates. *See* ECF Nos. 31-36.

Defendants do not seek to keep under seal the vast majority of the material filed by Plaintiff. Defendants only seek to seal one sentence of the complaint that discloses confidential financial information and the personal home addresses of Adobe executives.

## LEGAL STANDARD

Although there is a presumptive right of public access to court records, "access to judicial records is not absolute." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts in this District apply the "compelling reasons" standard when considering motions to seal a complaint. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7678649, at *1 (N.D. Cal. Nov. 13, 2023). The Ninth Circuit has recognized that compelling reasons justify the sealing of information such as "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Skillz Platform*, 2023 WL 7678649, at *2 (observing that "the 'compelling reasons' standard is met for confidential business information that would harm a party's competitive standing").

For filings that are "only tangentially related" to the merits, like certificates of service, a lesser

showing of "good cause" is required to seal. *Ctr. for Auto Safety*, 809 F.3d at 1097; *Berkley Ins. Co. v. OakCare Med. Grp.*, No. 22-cv-05181-HSG, 2023 WL 2804380, at *2 (N.D. Cal. Apr. 4, 2023) (applying "good cause" standard to seal material in certificate of service). Good cause exists to seal the personally identifiable information of a party, such as home addresses. *See, e.g.*, *id*.

Local Rule 79-5(c)(1) requires the party requesting to seal information to provide a statement explaining the reasons for keeping information under seal, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative is not sufficient." Civ. L.R. 79-5(c)(1). Rule 79-5 also requires that party to provide "evidentiary support from declarations where necessary" and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Civ. L.R. 79-5(c)(2)-(3). Because the documents at issue here were filed by Plaintiff and contain Defendants' confidential information, Rule 79-5(f)(3) allows Defendants to "file a statement and/or declaration as described in [Rule 79-5](c)(1)." Civ. L.R. 79-5(f)(3).

**ARGUMENT**

**I.     Adobe's Financial Information Should Be Sealed**

There are "compelling reasons" to seal the sentence highlighted on page 6, line 24 (¶ 30) of the complaint because it includes confidential and competitively sensitive financial information about Adobe's revenue.[1] Courts have found the compelling reason standard to be met for similar confidential and sensitive business information. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of . . . detailed product-specific financial information, . . . and other such materials that could harm a party's competitive standing.") (collecting cases). This revenue information is not publicly known, and its confidentiality is strictly maintained by Adobe. *See* Sawhney Decl. ¶ 3. If this information were made public, Adobe's competitors would have insight into Adobe's business strategy, business model, and revenue with respect to its

---

[1] Adobe is not seeking to seal the vast majority of information redacted in Plaintiff's complaint because that information is false and therefore does not require sealing under this Court's precedent.

1  subscription offerings. *See Primus Group, Inc. v. Inst. for Envtl. Health, Inc.*, 395 F. Supp. 3d 1243,
2  1267 (N.D. Cal. 2019) (compelling reasons include "sources of business information that might harm
3  a litigant's competitive standing" and "a company's confidential profit, cost, and pricing information
4  that if publicly disclosed could put the company at a competitive disadvantage"). Revealing such
5  information would allow competitors to modify their business strategy and unfairly compete with
6  Adobe. *See* Sawhney Decl. ¶ 3. As a result, Adobe's competitive standing could be significantly
7  harmed. This Court has routinely held that compelling reasons exist to seal similar information.[2]

8  The requested sealing of discrete information is narrowly tailored because the proposed
9  redactions contain only Adobe's confidential business information, and there is no less-restrictive
10  alternative to prevent competitive harm to Adobe. *See Monterey Bay Military Housing, LLC v. Ambac*
11  *Assurance Corp.*, No. 17-cv-04992-BLF, 2019 WL 11658748, at *1 (N.D. Cal. July 11, 2019) ("The
12  motions are narrowly tailored, proposing redactions to specific references to confidential material
13  rather than the sealing of documents in their entirety.").

14  **II.  Personal Home Addresses Should Be Sealed**

15  Defendants request that the home addresses of Mr. Sawhney and Mr. Wadhwani in the
16  certificates of service remain under seal. Good cause exists to permanently seal the private home
17  addresses included in these certificates. *See Berkley Ins. Co.*, 2023 WL2804380, at *2 (finding "good
18  cause to seal [the defendant's] address [in a certificate of service]—particularly as there is no
19  compelling reason for the public to have this information"). Indeed, this information is appropriately
20  sealable even under the higher compelling reasons standard. "The Ninth Circuit has found that
21  compelling reasons exist to keep personal information confidential to protect an individual's privacy
22  interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle*

---

[2] *See, e.g.*, *Day v. GEICO Casualty Co.*, No. 21-cv-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023) (sealing "confidential financial information"); *Space Data Corp. v. Alphabet Inc.*, No. 16-cv-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (sealing portions of complaint that "contain Defendants' confidential business and financial information"); *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2017 WL 8294292, at *1 (N.D. Cal. Aug. 15, 2017) (sealing "Defendants' sensitive financial information"); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [defendants'] business performance, structure, and finances that could be used to gain unfair business advantage against them").

*Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007); *see also Berton v. Aetna, Inc.*, No. 23-cv-01849-HSG, 2024 WL 869651, at *7 (N.D. Cal. Feb. 29, 2024) (sealing "Plaintiff's home address, telephone number, and other personally-identifiable information"); *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); (sealing "personally identifiable information of [Google's] current and former employees"); *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (sealing plaintiff's personal information, including home address, phone number, and email address).

There is no reason for the Defendants' home addresses to be publicly disclosed. This information is wholly irrelevant to the allegations at issue in this case. *See UNIFYSCC v. Cody*, 22-cv-01019-BLF, 2023 WL 6998184, at *2 (N.D. Cal. Oct. 23, 2023) (finding compelling reasons to seal personally identifiable information where that information was "not material" to the issues before the Court). Defendants' request is narrowly tailored because it seeks "only to seal [the personally identifiable information], and no other information." *Id.*

Counsel for the Plaintiff has represented that Plaintiff consents to the sealing of the home addresses of the individual Defendants but Plaintiff does not consent to the sealing of the sentence highlighted on page 6, line 24 (¶ 30) of the complaint.

Dated: July 16, 2024

SIDLEY AUSTIN LLP

By: */s/ Sheila A.G. Armbrust*

Sheila A.G. Armbrust (SBN 265998)
Lauren C. Freeman (SBN 324572)
Phillip Shaverdian (SBN 328657)
Mark D. Hopson (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
Christina C. Koenig (*pro hac vice*)

*Attorneys for Defendants Adobe Inc., Maninder Sawhney, and David Wadhwani*