BRIAN M. BOYNTON, Principal Deputy Assistant Attorney General
ARUN G. RAO, Deputy Assistant Attorney General
AMANDA N. LISKAMM, Director
LISA K. HSIAO, Senior Deputy Director
ZACHARY A. DIETERT, Assistant Director
FRANCISCO L. UNGER, Trial Attorney (MABN 698807)
ZACHARY L. COWAN, Trial Attorney (NCBN 53432)
WESLINE N. MANUELPILLAI, Trial Attorney (DCBN 90001965)
AMBER M. CHARLES, Trial Attorney (DCBN 1035226)

    U.S. Department of Justice
    Civil Division
    Consumer Protection Branch
    450 5th Street NW, Suite 6400-S
    Washington, DC 20530
    Telephone: (202) 598-3855
    Email: Francisco.L.Unger@usdoj.gov

ISMAIL J. RAMSEY, United States Attorney (CABN 189820)
MICHELLE LO, Chief, Civil Division (NYBN 4325163)
DAVID M. DEVITO, Assistant United States Attorney (CABN 243695)

    Northern District of California
    450 Golden Gate Avenue
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Email: David.Devito@usdoj.gov

*Attorneys for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:24-cv-03630-BLF |
| Plaintiff, | **RESPONSE TO DEFENDANTS'** |
| v. | **LOCAL RULE 79-5(f)(3) STATEMENT** |
| ADOBE, INC., a corporation, MANINDER SAWHNEY, individually, and DAVID WADHWANI, individually, | |
| Defendants. | |

Pursuant to Civil Local Rule 79-5(f)(4), Plaintiff, the United States of America, respectfully submits this Response to Defendants' Rule 79-5(f)(3) Statement. *See* ECF No. 37.

## LEGAL STANDARD

Members of the public enjoy a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal such records must therefore articulate "compelling reasons" why sealing is required and must support these reasons with "specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Sealing is warranted only if the "compelling reasons" offered by a movant "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. "The mere fact that the [publication] of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not constitute a compelling reason to seal. *Id.* at 1179.

## ARGUMENT

**I. Adobe Fails to Demonstrate Any Compelling Reason to Seal the Generalized Statement About its Revenue Contained in Paragraph 30 of the Complaint.**

Adobe seeks to seal a statement describing, in highly generalized terms, one of its revenue sources. *See* Compl. ¶ 30. This statement does not include exact revenue numbers, specific percentages of total revenue, or any other type of detailed financial information.

In support of its request to seal this high-level statement, Adobe emphasizes (ECF No. 37 at 2) that courts in this district have found compelling reasons to seal "detailed product-specific financial information." *In re Apple Inc. Device Performance Litig.*, No. 17-CV-00220-LHK, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019). But Adobe ignores that the statement it seeks to seal is not at all "detailed." *See* Compl. ¶ 30. Far from it, the statement is a high-level generalization that does not disclose any internal financial projection, revenue estimate, or any other specific number.

In ruling on requests to seal, courts distinguish between detailed financial data, such as "exact numbers and statistics derived from internal records," where sealing may be warranted to avoid competitive harm, and "revenue . . . described in generalized, ballpark numbers," where sealing is unjustified. *Dangaard v. Instagram, LLC*, No. C 22-01101 WHA, 2023 WL 4869234, at *5 (N.D. Cal. July 31, 2023); *see also Zakinov v. Ripple Labs.*, No. 18-cv-06753-PJH, 2023 WL 5280193, at *4 (N.D.

Cal. Aug. 15, 2023) (denying motion to seal a "generalized discussion of a defendant's sources of income"); *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (finding no compelling reason to seal "aggregate data" related to "historical and future revenues").

The statement that Adobe seeks to seal falls squarely within the latter category of "generalized, ballpark" information that does not give rise to a legitimate concern about competitive harm or unfair competition. *See* Compl. ¶ 30. Tellingly, Adobe's supporting declaration provides no facts to support its claim of harm, and instead offers only the vague, speculative statement that "Adobe's competitors could modify their business strategy to unfairly compete." ECF No. 37-1, ¶ 1. This speculation ignores that Adobe regularly publishes earnings statements that include significantly more detailed financial information than that found in Paragraph 30. *See, e.g.*, "Adobe Reports Record Q4 and Fiscal 2023 Revenue," *available at* https://s23.q4cdn.com/979560357/files/121323-AdobeReportsRecordQ4FY23 Revenue.pdf. Indeed, Adobe's public statements include specific dollar amounts illustrating the outsized impact of Adobe's subscription revenue on its total revenue. *See, e.g., id.* at 5. Adobe also ignores that the allegedly sensitive sentence it seeks to seal is simply a commonsense statement that follows from observations of publicly available evidence on its subscription offerings and revenues, such as the default plan option. *See FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (recognizing "commonsense" statements should not be sealed).

In light of the general nature of the Complaint's language, Adobe's failure to offer any factual basis to support its claim of competitive harm, and the public's right to access court records, the United States respectfully requests that the Court deny Adobe's request to seal Paragraph 30 of the Complaint.

**II.   The United States Has Already Removed the Individual Defendants' Addresses from the Public Docket.**

The United States filed this lawsuit on June 17, 2024. That same day the United States served on Defendants Sawhney and Wadhwani, by mail, copies of all filings — including the redacted Complaint (ECF No. 1), an Administrative Motion to Seal (ECF No. 2), and a Notice of Appearance (ECF No. 7). On June 18, the United States filed and served three additional Notices of Appearance (ECF Nos. 9-11). Because counsel for Mr. Sawhney and Mr. Wadhwani had not yet entered an appearance, the United States included on each filing a Certificate of Service certifying that it had mailed the filings to these Defendants.

1   This certificate listed the addresses where service was accomplished, which the United States found
2   through an internet search.  *See* L.R. 5-5(a)(2) (certificates of service should "stat[e] the date, place, and
3   manner of service" and the "street or electronic address of each person served").

4         On July 1, Adobe informed the United States that it had "security concerns" regarding the fact that
5   Mr. Sawhney and Mr. Wadhwani's addresses were included in the Certificates of Service.  In light of
6   Adobe's concerns, the United States voluntarily docketed replacement versions of these documents.  *See*
7   ECF Nos. 31-36.  Because counsel for the Defendants had, by this time, entered an appearance that
8   permitted service through ECF, these replacement versions omitted the Certificates of Service entirely,
9   thus removing any address information from the public docket.  *See* L.R. 5-5(a) (requiring a certificate of
10  service "unless [the docket entry] is served by ECF").  These replacement versions are publicly available
11  at the docket entries below, and the original docket entries have already been administratively sealed by
12  the clerk's office.

| **Original Docket #** | **Replacement Docket #** |
|---|---|
| ECF No. 1 | ECF No. 32 |
| ECF No. 2 | ECF No. 33 |
| ECF No. 7 | ECF No. 31 |
| ECF No. 9 | ECF No. 36 |
| ECF No. 10 | ECF No. 35 |
| ECF No. 11 | ECF No. 34 |

18        The United States consents to Adobe's request that the original docket entries (ECF Nos. 1, 2, 7,
19  9, 10, and 11) remain under seal permanently.  Because Defendants' Proposed Order (ECF No. 37-2)
20  includes language directing the United States to "re-file the above docket entries . . . within 14 days,"
21  however, the United States respectfully clarifies that this portion of the Proposed Order is unnecessary
22  given the replacement versions already filed (ECF Nos. 31-36).[1]

23                            **CONCLUSION**

24        For the foregoing reasons, the Court should enter an order permanently sealing ECF Nos. 1, 2, 7,
25  9, 10, and 11 but should otherwise deny Adobe's request to seal.

---

[1] As counsel for the United States has previously confirmed to Defendants' counsel, should the United States be directed to file an unredacted or less-redacted version of the Complaint (ECF No. 2-1), the United States will serve via ECF and will omit the Certificate of Service consistent with L.R. 5-5(a), thereby avoiding publication of any personal addresses.

| | |
|---|---|
| Dated: July 22, 2024 | Respectfully submitted, |
| *Of Counsel:* | FOR THE UNITED STATES OF AMERICA: |
| SANA CHAUDHRY<br>DANIEL WILKES<br>Attorneys<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br>Tel: (202) 326-2679 (Chaudhry)<br>Tel: (202) 326-3679 (Wilkes)<br>SChaudhry@ftc.gov<br>DWilkes@ftc.gov | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division<br><br>ARUN G. RAO<br>Deputy Assistant Attorney General<br><br>AMANDA N. LISKAMM<br>Director<br>Consumer Protection Branch<br><br>LISA K. HSIAO<br>Senior Deputy Director<br><br>ZACHARY A. DIETERT<br>Assistant Director<br><br>*/s/ Francisco L. Unger*<br>FRANCISCO L. UNGER<br>ZACHARY L. COWAN<br>WESLINE N. MANUELPILLAI<br>AMBER M. CHARLES<br>Trial Attorneys<br>Consumer Protection Branch<br>U.S. Department of Justice<br>450 5th Street, N.W. Suite 6400-S<br>Washington, D.C. 20530<br>Tel: (202) 598-3855 (Unger)<br>Tel: (202) 353-7728 (Cowan)<br>Tel: (202) 353-2809 (Manuelpillai)<br>Tel: (202) 307-3009 (Charles)<br>Francisco.L.Unger@usdoj.gov<br>Zachary.L.Cowan@usdoj.gov<br>Wesline.N.Manuelpillai@usdoj.gov<br>Amber.M.Charles@usdoj.gov<br><br>ISMAIL J. RAMSEY<br>United States Attorney<br><br>DAVID M. DEVITO<br>Assistant United States Attorney<br>Northern District of California |