UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE, INC., MANINDER SAWHNEY, and DAVID WADHWANI,<br><br>Defendants. | Case No.  24-cv-03630-BLF<br><br>**ORDER RE PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF 33] |

Plaintiff United States of America ("the United States") sues Adobe, Inc. and two of its executives (collectively, "Defendants") under the Federal Trade Commission Act and the Restore Online Shoppers' Confidence Act, alleging that Defendants enroll consumers in Adobe subscription plans without adequate disclosure of plan terms and utilize onerous cancellation procedures to trap consumers into subscriptions they no longer want.  *See* Compl., ECF 32.

This order addresses the United States' administrative motion to consider whether material in its complaint should be sealed based on Defendants' designation of the material as confidential. *See* Pl.'s Admin. Mot., ECF 33.  Defendants have filed a statement clarifying that they seek sealing of only one sentence in the complaint.  *See* Defs.' Statement, ECF 37.  Defendants also request sealing of the individual defendants' home addresses, which were included in some of the certificates of service filed by the United States.  *See id.*  The United States does not oppose sealing the home addresses, but it contends that no portion of the complaint should be sealed.  *See* Pl.'s Response, ECF 38.

As discussed below, the request to seal material in the complaint is DENIED and the request to seal the individual defendants' home addresses is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  Where the moving party requests sealing of documents because they have been designated confidential by another party, the burden of establishing adequate reasons for sealing is placed on the designating party.  *See* Civ. L.R. 79-5(f).

## II. DISCUSSION

### A. Material in the Complaint

The Court applies the compelling reasons standard to Defendants' request to seal material in the complaint, which clearly is more than tangentially related to the merits of the case. Defendants ask the Court to seal a single sentence in the complaint identifying the primary source of Adobe's subscription revenues, citing to cases holding that the compelling reasons standard is satisfied by confidential and sensitive business information.  *See, e.g., Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (compelling reasons standard is met by "a company's confidential profit, cost, and pricing information that if publicly disclosed could put the company at a competitive disadvantage"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing.").

The United States argues that the cited cases do not support sealing here, because the sentence at issue identifies the source of Adobe's subscription revenues in the most general of

1  terms and does not contain any specific profit, cost, pricing, trade secret, product-specific, or other
2  information that would warrant sealing.  The United States also points out that the declaration
3  Defendants submit in support of their sealing request states in conclusory fashion that "Adobe
4  keeps this financial information confidential" and that if it were revealed publicly "Adobe's
5  competitors could modify their business strategy to unfairly compete with Adobe."  Sawhney
6  Decl. ¶ 3., ECF 37-1.  The Court finds that those conclusory statements are not sufficient to meet
7  the compelling reasons standard, particularly where the material at issue is devoid of the type of
8  detail referenced in the cited cases.  *See Zakinov v. Ripple Labs, Inc.*, No. 18-CV-06753-PJH,
9  2023 WL 5280193, at *2 (N.D. Cal. Aug. 15, 2023) (declining to seal "generalized discussion of a
10 defendant's sources of income").

11        Defendants' request to seal material in the complaint is DENIED.

12        **B.     Individual Defendants' Home Addresses**

13        The Court applies the good cause standard to Defendants' request to seal the individual
14 defendants' home addresses listed in certificates of service filed by the United States, as the
15 certificates of service are only tangentially related to the merits.  The parties are in agreement that
16 the addresses should be sealed, and the Court is of the same view.  *See Berkley Ins. Co. v.
17 OakCare Med. Grp.*, No. 22-CV-05181-HSG, 2023 WL 2804380, at *2 (N.D. Cal. Apr. 4, 2023)
18 ("The Court finds that there is good cause to seal Defendant Sharnoff's address – particularly as
19 there is no compelling reason for the public to have this information – and GRANTS Defendant
20 Sharnoff's request to redact her address from this document.").  The United States has already
21 replaced the documents containing the home addresses (ECF 1, 2, 7, 9-11) with documents
22 omitting the home addresses (ECF 31-36).

23        Defendants' request to seal documents containing the individual defendants' home
24 addresses – ECF 1, 2, 7, and 9-11 – is GRANTED.

25 //
26 //
27 //
28 //

**III. ORDER**

(1) Defendants' request to seal material in the complaint is DENIED. The United States shall file an unredacted copy of the complaint on the public docket as soon as is practicable.

(2) Defendants' request to seal documents containing the individual defendants' home addresses is GRANTED. The following documents are hereby sealed: ECF 1, 2, 7, and 9-11. The United States has filed replacements for those documents, omitting the home addresses, at ECF 31-36.

(3) This order terminates ECF 33.

Dated: July 23, 2024

_____
BETH LABSON FREEMAN
United States District Judge