1  Sheila A.G. Armbrust (SBN 265998)
   sarmbrust@sidley.com
2  Lauren C. Freeman (SBN 324572)
   lfreeman@sidley.com
3  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
4  San Francisco, CA 94104
   Telephone:  415-772-1200
5  Facsimile:  415-772-7400

6  Phillip Shaverdian (SBN 328657)
   pshaverdian@sidley.com
7  SIDLEY AUSTIN LLP
   350 South Grand Avenue
8  Los Angeles, CA 90071
   Telephone:  213-896-6000
9  Facsimile:  213-896-6600

10 Jonathan W. Hughes (SBN 186829)
   jonathan.hughes@arnoldporter.com
11 Jeremy T. Kamras (SBN 237377)
   jeremy.kamras@arnoldporter.com
12 Meredith B. Osborn (SBN 250467)
   meredith.osborn@arnoldporter.com
13 ARNOLD & PORTER LLP
   Three Embarcadero Center, 10th Floor
14 San Francisco, CA 94111-4024
   Telephone:  415-471-3100
15 Fax:  415-471-3400

Mark D. Hopson (*pro hac vice*)
mhopson@sidley.com
Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone:  202-736-8000
Facsimile:  202-736-8711

Christina C. Koenig (*pro hac vice*)
christina.koenig@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Ste. 2000
Dallas, TX 75201
Telephone:  214-969-3300
Facsimile:  214-969-3400

16  *Attorneys for Defendants Adobe Inc., Maninder Sawhney, and David Wadhwani*

17            **UNITED STATES DISTRICT COURT**

18            **NORTHERN DISTRICT OF CALIFORNIA**

19            **SAN JOSE DIVISION**

20

21  UNITED STATES OF AMERICA,

22            Plaintiff,

23       v.

24  ADOBE INC., a corporation, MANINDER
    SAWHNEY, individually, and DAVID
25  WADHWANI, individually,

26            Defendants.

27

28

Case No.  5:24-cv-03630-NW

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
COMPLAINT FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT,
CIVIL PENALTY, AND OTHER RELIEF**

Complaint Filed: June 17, 2024

Defendants Adobe Inc. ("Adobe"), Maninder Sawhney ("Sawhney"), and David Wadhwani ("Wadhwani") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the allegations in the Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty, and Other Relief ("Complaint") filed by Plaintiff the United States of America ("Plaintiff"), and assert their defenses as follows.

All admissions made herein are made as of the date of this filing, unless otherwise stated. Defendants reserve the right to amend or supplement their Answer and Defenses. In collectively admitting an allegation, Defendants do not admit that any Individual Defendant has personal knowledge about, participated in, or had authority over the admitted subject matter, only that Defendants do not challenge the allegation's accuracy.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

## ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS:

Subject to their Defenses, Defendants plead as follows to the specific allegations contained in the numbered paragraphs of the Complaint.[1]

## NATURE OF THE CASE

1.      Defendants admit that Adobe is one of the world's largest software companies that develops software applications such as Acrobat, Photoshop, and Illustrator. Defendants also admit that Adobe offers subscription plans for its products and services on its website, *Adobe.com*.

2.      The allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4.      The allegations in the first sentence of Paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. The

---

[1] Defendants do not understand the headers or sub-headers in the Complaint to assert any substantive allegations. Defendants therefore do not respond individually to the headers or sub-headers. Defendants restate the headers and sub-headers for ease of reading and organization only. To the extent the headers or sub-headers are construed to assert any allegations, Defendants deny those allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY, AND OTHER RELIEF
CASE NO. 5:24-CV-3630-NW

allegations in the second sentence of Paragraph 4 purport to quote from and characterize a document, which speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the document. Defendants otherwise deny the allegations in Paragraph 4.

5.    The allegations in Paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.    Defendants admit that Plaintiff has brought this lawsuit seeking relief including injunctive relief, civil penalties, and equitable monetary relief. Defendants otherwise deny the allegations in Paragraph 6.

## JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

7.    Defendants admit the allegations in Paragraph 7.

8.    Defendants admit that venue is proper in this District. Defendants otherwise deny the allegations in Paragraph 8.

9.    Defendants admit that Adobe has its principal place of business in San Jose, California, and do not object to divisional assignment to the San Jose Division. Defendants otherwise deny the allegations in Paragraph 9.

## PLAINTIFF

10.    Defendants admit that Plaintiff alleges that this action is brought under the Federal Trade Commission Act ("FTC Act") and the Restore Online Shoppers' Confidence Act ("ROSCA"). The remaining allegations in Paragraph 10 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

## DEFENDANTS

### A.    <u>Adobe</u>

11.    Defendants admit the allegations in Paragraph 11.

12.    Defendants admit that Adobe advertises, markets, distributes, or sells subscriptions to its software products and service to consumers throughout the United States. Defendants otherwise deny the allegations in Paragraph 12.

**B.    Maninder Sawhney**

13.    Defendants admit that Sawhney has worked as Senior Vice President of Digital Go To Market & Sales at Adobe. Defendants otherwise deny the allegations in Paragraph 13.

14.    Defendants admit that Sawhney, in his role at Adobe, supervises a team that works on Adobe's subscription enrollment processes. Defendants otherwise deny the allegations in Paragraph 14.

15.    Defendants admit that Sawhney, in his role at Adobe, participates in transacted business in this District and throughout the United States. Defendants otherwise deny the allegations in Paragraph 15.

**C.    David Wadhwani**

16.    Defendants admit that Wadhwani has worked as President of Digital Media Business at Adobe. Defendants otherwise deny the allegations in Paragraph 16.

17.    Defendants admit that Wadhwani, in his role as President of Digital Media Business at Adobe, helps guide certain aspects of Adobe's digital business strategy. Defendants admit that Sawhney reports to Wadhwani. Defendants otherwise deny the allegations in Paragraph 17.

18.    Defendants admit that Wadhwani, in his role at Adobe, participates in transacted business in this District and throughout the United States. Defendants otherwise deny the allegations in Paragraph 18.

**THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT**

19.    The allegations in Paragraph 19 purport to quote from and characterize ROSCA, and therefore no response is required. Defendants respectfully refer the Court to ROSCA for a full and accurate description of its contents. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 purport to quote from and characterize ROSCA, and therefore no response is required. Defendants respectfully refer the Court to ROSCA for a full and accurate description of its contents. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY, AND OTHER RELIEF
CASE NO. 5:24-CV-3630-NW

21.     The allegations in Paragraph 21 purport to quote from and characterize 16 C.F.R. § 310.2(w) and ROSCA, and therefore no response is required. Defendants respectfully refer the Court to 16 C.F.R. § 310.2(w) and ROSCA for a full and accurate description of its contents. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 purport to quote from and characterize ROSCA and the FTC Act, and therefore no response is required. Defendants respectfully refer the Court to ROSCA and the FTC Act for a full and accurate description of its contents. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

## DEFENDANTS' UNLAWFUL ACTIVITIES

**I.     Adobe's Subscription-Based Business Model**

23.     Defendants admit that Adobe has sold its software to consumers under a perpetual licensing model. Defendants otherwise deny the allegations in Paragraph 23.

24.     Defendants admit that Adobe began offering its software under a subscription-based licensing model. Defendants otherwise deny the allegations in Paragraph 24.

25.     Defendants admit that Adobe offers through its website, *Adobe.com*, software products and services for content design, publication, and cloud storage, including the Acrobat, Photoshop, Illustrator, and Creative Cloud applications. Defendants otherwise deny the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 purport to characterize Adobe's publicly-reported financial results, but no citations are provided. Defendants therefore cannot confirm these allegations. Defendants respectfully refer the Court to Adobe's publicly-reported financial results for a full and accurate description of its contents. Defendants aver that Adobe's publicly-reported financial results speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that "Monthly," "Annual, paid monthly" ("APM") and "Annual, prepaid" are subscription plans offered to consumers by Adobe. Defendants otherwise deny the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 purport to quote from and characterize a document, which speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the document. Defendants otherwise deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     The allegations in the first sentence of Paragraph 30 purport to characterize Adobe's revenues, but no citations are provided. Defendants therefore cannot confirm the allegations in the first sentence of Paragraph 30. Defendants respectfully refer the Court to Adobe's publicly-reported financial results for a full and accurate description of its contents. Defendants aver that Adobe's publicly-reported financial results speak for themselves. The remainder of Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that APM subscribers pay monthly, APM subscribers may be subject to an early termination fee, and APM subscribers have the option to cancel their plan for a full refund. Defendants otherwise deny the allegations in Paragraph 30, including Plaintiff's characterization of the APM plan.

31.     Defendants deny the allegations in Paragraph 31.

## II.     Adobe's Unlawful Subscription Enrollment Practices

32.     Defendants admit that consumers can subscribe to Adobe products by using a computer or smart device. Defendants otherwise deny the allegations in Paragraph 32.

33.     Defendants admit that Adobe offers free trials or "buy now" subscriptions for products and services. Defendants otherwise deny the allegations in Paragraph 33.

34.     Defendants admit that consumers encounter an enrollment flow when they sign up for an Adobe product or service. Defendants otherwise deny the allegations in the first sentence of Paragraph 34, including Plaintiff's characterization of the enrollment flow. The allegations in the second sentence of Paragraph 34 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 34.

### A.     Adobe's Unlawful Enrollment Flows

35.     Defendants admit that Paragraphs 36 to 52 depict portions of one exemplary

1    subscription enrollment flow available on *Adobe.com*. Defendants otherwise deny the allegations in

2    Paragraph 35.

3                    **1.    Plan Selection Page**

4        36.    Defendants admit that Paragraph 36 includes a partial image of what some customers

5    may see on Adobe's Plan Selection Page.  Defendants deny that this partial image fairly or fully

6    represents what customers see, and deny that this partial image fairly or fully represents Adobe's

7    disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 36.

8        37.    Defendants admit that Adobe's enrollment flow displays the price for each plan.

9    Defendants otherwise deny the allegations in Paragraph 37.

10       38.    The allegations in Paragraph 38 purport to quote from and characterize Adobe's

11   enrollment flow, and therefore no response is required. Defendants respectfully refer the Court to

12   Adobe's enrollment flow for a full and accurate description of its contents. To the extent a response is

13   required, Defendants admit that the version of Adobe's enrollment flow depicted on page 8 of the

14   complaint includes text that states, "*Fee applies if you cancel after 14 days*. ⓘ." Defendants otherwise

15   deny the allegations in Paragraph 38.

16       39.    Defendants admit that that Paragraph 39 includes a partial image of what some

17   customers may see on Adobe's Plan Selection Page.  Defendants deny that this partial image fairly or

18   fully represents what customers see, and deny that this partial image fairly or fully represents Adobe's

19   disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 39.

20       40.    Defendants admit that Paragraph 40 refers to a partial image of what some customers

21   may see on Adobe's Plan Selection Page. Defendants deny that this partial image fairly or fully

22   represents what customers see, and deny that this partial image fairly or fully represents Adobe's

23   disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 40.

24       41.    Defendants admit that Paragraph 41 refers to a partial image of what some customers

25   may see on Adobe's Plan Selection Page. Defendants deny that this partial image fairly or fully

26   represents what customers see, and deny that this partial image fairly or fully represents Adobe's

27   disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 41.

28

42. Defendants admit that Paragraph 42 refers to partial images of what some customers may see on Adobe's Plan Selection Page. Defendants deny that these partial images fairly or fully represent what customers see, and deny that these partial images fairly or fully represents Adobe's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44. Paragraph 44 does not fully or accurately characterize the disclosures a customer sees while enrolling in an Adobe subscription.

45. Defendants deny the allegations in Paragraph 45. Paragraph 45 does not fully or accurately characterize the disclosures a customer sees while enrolling in an Adobe subscription

### 2.     Email Entry Page

46. Defendants deny the allegations in Paragraph 46.

### 3.     Payment Entry Page

47. Defendants admit that Paragraph 47 includes a partial image of what some customers may see on Adobe's Payment Entry Page.  Defendants deny that this partial image fairly or fully represents what customers see, and deny that this partial image fairly or fully represents Adobe's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 47.

48. The allegations in Paragraph 48 purport to quote from and characterize Adobe's enrollment flow, and therefore no response is required. Defendants respectfully refer the Court to Adobe's enrollment flow for a full and accurate description of its contents. To the extent a response is required, Defendants admit that Adobe's enrollment flow provides information about the APM plan's terms. Defendants otherwise deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. The allegations in Paragraph 50 purport to quote from and characterize Adobe's enrollment flow, and therefore no response is required. Defendants respectfully refer the Court to Adobe's enrollment flow for a full and accurate description of its contents. To the extent a response is required, Defendants admit that Adobe's enrollment flow includes a hyperlink labeled "Subscription and Cancellation Terms." Defendants otherwise deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 purport to quote from and characterize Adobe's enrollment flow, and therefore no response is required. Defendants respectfully refer the Court to Adobe's enrollment flow for a full and accurate description of its contents. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

**B.     Defendants Know About and Profit from Consumer Confusion Regarding the APM Plan**

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

**III.     Sawhney's Supervision of, and Participation in, Adobe's Unlawful Enrollment Practices**

59.     Defendants admit that Sawhney, in his role at Adobe, is involved in Adobe's subscription enrollment policies and practices. Defendants otherwise deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants admit that Sawhney received a report written by Forrester Research, Inc. that commented on several companies' subscription marketing practices. Defendants otherwise deny the allegations in Paragraph 67.

**IV.    Wadhwani's Supervision of, and Participation in, Adobe's Unlawful Enrollment Practices**

68.    Defendants admit that Wadhwani has worked as President of Digital Media Business at Adobe. Defendants otherwise deny the allegations in Paragraph 68.

69.    Defendants admit that Wadhwani has worked as Senior Vice President of Digital Media Business at Adobe. Defendants otherwise deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants admit that Wadhwani, in his role at Adobe, is involved in Adobe's subscription enrollment policies and practices. Defendants otherwise deny the allegations in Paragraph 71.

72.    Defendants admit that Sawhney reports to Wadhwani and that Wadhwani, in his role at Adobe, is involved in Adobe's subscription enrollment policies and practices. Defendants otherwise deny the allegations in Paragraph 72.

73.    Defendants admit that Wadhwani, in his role at Adobe, is involved in Adobe's subscription enrollment policies and practices and is involved in business strategy. Defendants otherwise deny the allegations in Paragraph 73.

74.    Defendants admit that Wadhwani, in his role at Adobe, is involved in Adobe's subscription enrollment policies and practices.  Defendants otherwise deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

**V.    Adobe's Unlawful Cancellation Practices**

76.    Defendants deny the allegations in Paragraph 76. Adobe sells certain subscription plans that, pursuant to agreed-upon terms, renew after the first year on a monthly basis. Customers can cancel these subscription plans at any time.

77.    Defendants admit that subscribers can cancel a subscription through online self-cancellation or contacting customer service via online chat or phone. Defendants otherwise deny the allegations in Paragraph 77.

1     78.     Defendants deny the allegations in Paragraph 78.

2     **A.**     **Self-Cancellation Flow on _Adobe.com_**

3     79.     Defendants admit that Adobe customers have the option to self-cancel their

4  subscriptions online. Defendants otherwise deny the allegations in Paragraph 79.

5     80.     Defendants admit that Adobe customers have the option to self-cancel their

6  subscriptions online. Defendants otherwise deny the allegations in Paragraph 80.

7     81.     Defendants admit that Adobe customers have the option to self-cancel their

8  subscriptions online. Defendants otherwise deny the allegations in Paragraph 81.

9     82.     Defendants admit that Adobe customers have the option to self-cancel their

10  subscriptions online. Defendants otherwise deny the allegations in Paragraph 82.

11     83.     Defendants admit that Adobe customers have the option to self-cancel their

12  subscriptions online. Defendants otherwise deny the allegations in Paragraph 83.

13     84.     Defendants admit that Adobe customers have the option to self-cancel their

14  subscriptions online. Defendants otherwise deny the allegations in Paragraph 84.

15     85.     Defendants admit that Adobe customers have the option to self-cancel their

16  subscriptions online. Defendants otherwise deny the allegations in Paragraph 85.

17     86.     Defendants admit that Adobe customers have the option to self-cancel their

18  subscriptions online. Defendants otherwise deny the allegations in Paragraph 86.

19     87.     Defendants admit that Adobe customers have the option to self-cancel their

20  subscriptions online. Defendants otherwise deny the allegations in Paragraph 87.

21     88.     Defendants deny the allegations in Paragraph 88.

22     **B.**     **Cancellation By Contacting Customer Service**

23     89.     Defendants admit that Adobe customers have the option to cancel their subscriptions

24  by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

25  allegations in Paragraph 89.

26     90.     Defendants admit that Adobe customers have the option to cancel their subscriptions

27  by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION,
MONETARY JUDGMENT, CIVIL PENALTY, AND OTHER RELIEF
CASE NO. 5:24-CV-3630-NW

1    allegations in Paragraph 90.

2        91.    Defendants admit that Adobe customers have the option to cancel their subscriptions

3    by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

4    allegations in Paragraph 91.

5        92.    Defendants admit that Adobe customers have the option to cancel their subscriptions

6    by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

7    allegations in Paragraph 92.

8        93.    Defendants admit that Adobe customers have the option to cancel their subscriptions

9    by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

10    allegations in Paragraph 93.

11        94.    Defendants admit that Adobe customers have the option to cancel their subscriptions

12    by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

13    allegations in Paragraph 94.

14        95.    Defendants admit that Adobe customers have the option to cancel their subscriptions

15    by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

16    allegations in Paragraph 95.

17        96.    Defendants admit that Adobe customers have the option to cancel their subscriptions

18    by contacting Adobe's customer service via phone or online chat. Defendants otherwise deny the

19    allegations in Paragraph 96.

20        97.    Defendants deny the allegations in Paragraph 97.

21        98.    Defendants admit that Adobe has waived the ETF for consumers. Defendants otherwise

22    deny the allegations in Paragraph 98.

23        99.    Defendants deny the allegations in Paragraph 99.

24        100.    Defendants deny the allegations in Paragraph 100.

25        101.    Defendants deny the allegations in Paragraph 101.

26    **C.        Adobe Wields the Surprise Early Termination Fee to Discourage Cancellations**

27        102.    Defendants deny the allegations in Paragraph 102.

28

103.    Defendants deny the allegations in Paragraph 103.

**D.    Adobe Knows Its Customers Struggle to Cancel Unwanted Subscriptions**

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    The allegations in subparts (a), (b), and (c) of Paragraph 106 purport to quote from and characterize documents, which speak for themselves, and thus no response is required. To the extent a response is required, Defendants otherwise deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

**E.    Adobe Has Made It More Difficult for Consumers to Cancel Subscriptions**

110.    Defendants admit that Adobe changed its cancellation flow in June 2023. Defendants otherwise deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

**VI.    Adobe's Knowledge of ROSCA**

113.    Defendants admit that Adobe is a software company with legal resources, including in-house and outside counsel. Defendants otherwise deny the allegations in Paragraph 113.

114.    Defendants admit that the Federal Trade Commission issued a Civil Investigative Demand to Adobe in June 2022. Defendants otherwise deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

**VIOLATIONS OF ROSCA**

119.    Defendants deny the allegations in Paragraph 119.

**COUNT I**

*Against All Defendants*

**Failure to Clearly and Conspicuously Disclose Material Terms**

120.    Defendants repeat and reassert their answers to Paragraphs 1–119 as if fully set forth herein.

121.    The allegations in Paragraph 121 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.    The allegations in Paragraph 122 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

**COUNT II**

*Against All Defendants*

**Failure to Obtain Express Informed Consent**

123.    Defendants repeat and reassert their answers to Paragraphs 1–119 as if fully set forth herein.

124.    The allegations in Paragraph 124 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.    The allegations in Paragraph 125 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

**COUNT III**

*Against Adobe*

**Failure to Provide a Simple Cancellation Mechanism**

126.    Defendants repeat and reassert their answers to Paragraph 1–119 as if fully set forth herein.

127.    The allegations in Paragraph 127 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

**ONGOING CONDUCT**

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

**CONSUMER INJURY**

135.    Defendants deny the allegations in the Paragraph 135.

**THIS COURT'S POWER TO GRANT RELIEF**

136.    The allegations in Paragraph 136 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

**PRAYER FOR RELIEF**

Defendants deny that the Plaintiff is entitled to any relief, in law or in equity, requested or not, including that which is requested in the Plaintiff's Prayer for Relief. In significant part, no Defendant has ever had actual knowledge or knowledge fairly implied on the basis of objective circumstances that any alleged act or practice was or is unfair or deceptive and was or is prohibited by ROSCA.

1

**DEMAND FOR JURY TRIAL**

2     Defendants acknowledge Plaintiff's jury demand but reserve the right to contest such demand

3  at the appropriate time.

4

**AFFIRMATIVE DEFENSES**

5     Defendants allege, assert, and state the following as separate and distinct defenses to the

6  Complaint. By virtue of alleging these further defenses, Defendants do not assume any burden of

7  proof, persuasion, or production not otherwise legally assigned to them.

8

**FIRST AFFIRMATIVE DEFENSE**

9

**(Due Process – Unconstitutional Vagueness)**

10     Plaintiff's claims are barred, in whole or in part, because ROSCA is unconstitutionally vague

11  as applied by Plaintiff to Defendants' alleged conduct. ROSCA requires sellers of negative option

12  features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed

13  consent," and provide "simple mechanisms for a consumer to stop recurring charges." 15 U.S.C.

14  § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous," to

15  obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id*. Applying

16  ROSCA here to prohibit Defendants' alleged conduct violates the Due Process Clause.

17

**SECOND AFFIRMATIVE DEFENSE**

18

**(Due Process – Lack of Fair Notice)**

19     Plaintiff's claims are barred, in whole or in part, because the Government failed to provide fair

20  notice that Defendants' alleged conduct violated the law. ROSCA requires sellers of negative option

21  features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed

22  consent," and provide "simple mechanisms for a consumer to stop recurring charges." 15 U.S.C.

23  § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous," to

24  obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id*. The

25  Government failed to provide fair notice to Defendants that it considered design elements like those

26  alleged to have been used by Adobe to be a violation of ROSCA.

27

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION,
MONETARY JUDGMENT, CIVIL PENALTY, AND OTHER RELIEF
CASE NO. 5:24-CV-3630-NW

**THIRD AFFIRMATIVE DEFENSE**

**(First Amendment)**

Plaintiff's claims are barred, in whole or in part, because they would violate Defendants' right to free speech. Many of the allegations in the Complaint constitute protected speech through which Adobe communicates with consumers. Plaintiff thus improperly seeks to impose liability based on protected speech.

**FOURTH AFFIRMATIVE DEFENSE**

**(Standing/Mootness)**

Plaintiff lacks standing to seek injunctive relief because Defendants are not currently violating or about to violate ROSCA, the FTC Act, or other laws enforced by the FTC.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, by Defendants' good faith and the absence of intentional misconduct and reckless or negligent conduct. Even if Adobe's flows are found to violate ROSCA, Defendants lacked actual or implied knowledge of such alleged violations. And even if Defendants are found to have possessed such knowledge, their good faith would warrant a substantial reduction in the amount of any civil penalties.

**SIXTH AFFIRMATIVE DEFENSE**

**(Offsets)**

Any finding of monetary liability, including any restitution award, should be offset to account for Adobe customers who received the benefit of the APM plan's decreased cost and to account for refunds paid to customers.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver, Equitable Estoppel, Laches, and Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims are barred to the extent they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods.

**NINTH AFFIRMATIVE DEFENSE**

**(Major Questions)**

Plaintiff's claims are barred, in whole or in part, because they seek to radically expand Plaintiff's power to regulate nearly all ecommerce websites without the approval of Congress. Plaintiff's proposed interpretation of ROSCA would enable it to unilaterally set granular requirements for ecommerce websites' commercial communications. The major questions doctrine precludes the agency from assuming that authority absent clear statutory authorization.

**TENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The penalties and fines sought are unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equal Protection)**

This Complaint violates the Equal Protection Clause of the U.S. Constitution because Plaintiff is selectively, arbitrarily, and unequally enforcing ROSCA and the FTC Act against Defendants.

WHEREFORE, having fully answered, Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

WHEREFORE, Defendants pray that all of Plaintiff's claims be dismissed with prejudice; that the Court enter judgment against Plaintiff and in favor of Defendants on all causes of action;

17

1    that all of Defendants' costs and fees, including attorneys' fees, be awarded to Defendants; and that

2    the Court grant such other relief as the Court may deem just and proper.

3

4    Dated:  May 16, 2025                           By: _/s/ *Lauren C. Freeman*_____
                                                     Sheila A.G. Armbrust (SBN 265998)
5                                                    Lauren C. Freeman (SBN 324572)
                                                     Phillip Shaverdian (SBN 328657)
6                                                    Mark D. Hopson (*pro hac vice*)
                                                     Benjamin M. Mundel (*pro hac vice*)
7                                                    Christina C. Koenig (*pro hac vice*)
                                                     SIDLEY AUSTIN LLP
8
                                                     Jonathan W. Hughes (SBN 186829)
9                                                    Jeremy T. Kamras (SBN 237377)
                                                     Meredith B. Osborn (SBN 250467)
10                                                   ARNOLD & PORTER LLP
11
                                                     *Attorneys for Defendants Adobe Inc.,*
12                                                   *Maninder Sawhney and David Wadhwani*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION,
MONETARY JUDGMENT, CIVIL PENALTY, AND OTHER RELIEF
CASE NO. 5:24-CV-3630-NW