BRETT A. SHUMATE, Assistant Attorney General
JORDAN C. CAMPBELL, Deputy Assistant Attorney General
SARMAD M. KHOJASTEH, Senior Counsel, Civil Division
LISA K. HSIAO, Acting Director, Consumer Protection Branch
ZACHARY A. DIETERT, Assistant Director
FRANCISCO L. UNGER, Trial Attorney (MABN 698807)
ZACHARY L. COWAN, Trial Attorney (NCBN 53432)
WESLINE N. MANUELPILLAI, Trial Attorney (DCBN 90001965)

    U.S. Department of Justice
    Civil Division
    Consumer Protection Branch
    450 5th Street NW, Suite 6400-S
    Washington, DC 20530
    Telephone: (202) 598-3855
    Email: Francisco.L.Unger@usdoj.gov

CRAIG H. MISSAKIAN, United States Attorney
SAVITH S. IYENGAR, Assistant United States Attorney (CABN 268342)

    Northern District of California
    450 Golden Gate Avenue
    San Francisco, California 94102
    Telephone: (415) 436-7018
    Email: Savith.Iyengar@usdoj.gov

*Attorneys for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ADOBE INC., a corporation,<br>MANINDER SAWHNEY, individually, and<br>DAVID WADHWANI, individually,<br><br>            Defendants. | Case No. 5:24-cv-03630-NW<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND CASE DEADLINES** |

## I. INTRODUCTION

Plaintiff the United States alleges that Defendant Adobe Inc. (one of the world's largest software companies) and two of its executives have unlawfully hidden hefty subscription cancellation fees from consumers, and made it difficult to cancel subscriptions, to bolster Adobe's profits. Plaintiff first served document requests to Adobe on February 7, 2025. In April, this Court ordered the parties to substantially complete document productions by September 26, 2025. *See* ECF No. 83. In accordance with the Court's order, Counsel for Plaintiff has repeatedly underscored the need for timely discovery. But despite repeated assurances that it intends to cooperate, Adobe failed to produce *any* documents to Plaintiff before August 1, 2025—almost half a year after it received Plaintiff's requests. Adobe has also adopted legally unsubstantiated positions in a concerted effort to limit document discovery—including generally refusing to collect documents post-dating the June 17, 2024, filing of the Complaint or an appropriate number of custodians in a case implicating core business practices of a Fortune 500 company. Accordingly, Plaintiff is filing a Motion to Compel with Magistrate Judge van Keulen in accordance with this Court's orders.

Because of Adobe's unreasonable delays and legally untenable positions, Plaintiff lacks responsive documents from known, critical custodians. Adobe has also prejudiced Plaintiff's ability to identify other unknown custodians and critical documents. To right the balance, and allow Plaintiff to obtain critical evidence regarding significant harms to consumers, Plaintiff submits this administrative motion pursuant to Civil Local Rules 6-3 and 7-11 seeking a six-month extension of all deadlines in the Scheduling Order.

## II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has repeatedly sought to cooperate with Defendants to ensure fulsome and timely discovery. Despite repeated assurances of cooperation, Adobe has failed to fully and timely comply with its discovery obligations since the outset of this action.

Initially, the parties jointly proposed a case schedule to the Honorable Judge Freeman that included a discovery stay pending a ruling on Defendants' Motion to Dismiss. ECF No. 59. Judge Freeman rejected this approach, and instead entered a case schedule that featured fact discovery deadlines not tethered to a Motion to Dismiss ruling. ECF No. 70. Yet when Plaintiff served discovery requests on February 7, 2025, counsel for Adobe stated that they did not intend to begin responding to requests yet because they

understood a stay to be in place. Plaintiff was unable to get Adobe to budge from this position, even though Judge Freeman's Order did not reference a stay and Plaintiff had not consented to a stay. Decl. of Francisco L. Unger ("Unger Decl.") at ¶¶ 4-5.

The case was subsequently reassigned to the Honorable Judge Wise on February 24, 2025, and the parties were instructed to submit a new Rule 26(f) Joint Statement. At this point, given that discovery had been effectively frozen because of Adobe's continued refusal to engage in it, the parties agreed to propose a stay of discovery until a ruling on Defendants' Motion to Dismiss. ECF No. 76 at Section VIII(D)(ii).

Accordingly, this Court entered a new Scheduling Order on April 16, 2025, staying discovery until a ruling on Defendants' Motion to Dismiss. ECF No. 83. That ruling arrived two weeks later, on May 2, 2025. ECF No. 84. At this point, the parties had just four months and three weeks until the deadline for substantial completion of document productions. Based on Adobe's counsel's statements, Plaintiff understands that, as of that date, Adobe had not yet collected *any* documents—including from the individual named defendants—or conducted *any* targeted searches. Unger Decl. ¶ 6.

Adobe made its first, modest production of documents on this matter three months later, on August 1, 2025. *Id.* ¶ 9. That production consisted of just 1,381 documents and did not include substantial, if any, ESI from many of the initial seventeen custodians Adobe agreed to produce ESI from. *Id.* ¶ 10.

Adobe's next production was made on August 22, 2025. *Id.* ¶ 9. Once again, based on Plaintiff's review, that production included only a trivial amount of responsive ESI from many of the critical, initial custodians for whom Adobe had agreed to produce documents. *Id.* ¶ 12. For example, this more recent production contains fewer than 45 documents from individual named defendant David Wadhwani, and no more than 30 documents from Adobe's CEO, Shantanu Narayen. *Id.*

These are the only productions Adobe has made to date.

Under the current Scheduling Order, the deadline for the substantial completion of the production of documents is September 26, 2025. ECF No. 83. The Scheduling Order also contemplates that the parties will aim to start depositions by that date. *Id.*

Plaintiff requested that Adobe agree to a six-month extension on July 16, 2025. *Id.* ¶ 17. Counsel for Adobe stated that they were willing to discuss the request "in the coming weeks" depending on how

1  discovery developed. *Id.* After Plaintiff reiterated its request given Adobe's lack of sufficient progress,
2  the parties conferred regarding the proposed extension on August 13, 2025. On August 21, 2025, counsel
3  for Defendants stated that Defendants would not agree to an extension of more than two months. *Id.*

### III. GOOD CAUSE EXISTS HERE TO EXTEND ALL DEADLINES

The Court should extend all deadlines by six months because Plaintiff has been diligent in trying to expeditiously obtain critical fact discovery throughout this litigation but has been continually hindered in these efforts by Adobe, prejudicing Plaintiff's ability to build its case. *See, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (holding Rule 16(b)'s good cause standard for modifying scheduling order deadlines "primarily considers the diligence of the party seeking the amendment."); *POGA Mgmt PTNRS LLC v. Medfiler LLC,* 2014 WL 6893778, at *1 (N.D. Cal. Dec. 5, 2014) (noting good cause exists when deadlines cannot be met "despite the diligence of the party seeking the extension.").

First, Plaintiff has been diligent in pursuing fact discovery and trying to cooperate with Adobe in good faith to achieve progress. *Johnson,* 975 F.2d at 609 (holding "focus of the [Rule 16] inquiry is upon the moving party's reasons for modification" and diligence). Even so, Plaintiff has been unable to overcome Adobe's concerted delays, and therefore must seek judicial relief.

Plaintiff first served discovery requests more than six months ago, Unger Decl. at ¶ 3, has taken the laboring oar to identify important, responsive Adobe custodians, *id.* at ¶ 7, has proposed narrowed search terms to guide Adobe's responsiveness review, *id.*, and has even provided Adobe shortlists of targeted materials—as early as on March 21, 2025—to prioritize for collection. *Id.* (To date, Adobe has still not produced most of these priority materials.) Despite these good faith, proactive efforts, Plaintiff has generally been unable to convince Adobe to timely collect and produce responsive materials.

Plaintiff has been equally diligent in moving for this modification, doing so shortly after Adobe communicated to Plaintiff on August 21, 2025, that Adobe refused to join Plaintiff's extension request. *Peoples v. Cnty. of Contra Costa,* 2008 WL 2225669, at *3 (N.D. Cal. May 28, 2008) (finding good cause to modify scheduling order where plaintiff was diligent in seeking fact discovery but "was thwarted," "promptly sought a stipulation … and failing that, filed the instant motion…")

Case No. 5:24-cv-03630-NW
PLAINTIFF'S MOTION TO EXTEND CASE DEADLINES

1    Second, there is good cause for this extension because Adobe's delays have, for months, unnecessarily deprived Plaintiff of critical discovery in this litigation and made it unrealistic for Plaintiff to effectively complete fact discovery within the current Scheduling Order without being prejudiced in developing its case. *Impossible Foods Inc. v. Impossible LLC,* 2025 WL 1900327, at *2 (N.D. Cal. June 27, 2025) (finding good cause for modifying case schedule where plaintiff acted diligently and was "awaiting potentially critical evidence"); *Spears v. First Am. eAppraiseIT,* 2013 WL 1748514, at *2 (N.D. Cal. Apr. 23, 2013) (finding good cause applies where party cannot reasonably meet deadlines despite diligence). Moreover, Plaintiff could not have foreseen that, despite Adobe's assurances of cooperation, it would fail to produce any documents until August 1, 2025, and that, months later, Plaintiff would still lack an appreciable amount of the responsive ESI from critical, initial custodians. *Omoregie v. Boardwalk Auto Ctr., Inc.,* 2008 WL 4857942, at *1 (N.D. Cal. Nov. 10, 2008) (holding good cause for modification exists where the moving party "could not have reasonably foreseen" inability to meet ordered deadlines).

Nearly four months after this Court's brief discovery stay was lifted, Adobe has still not produced the responsive ESI of even what was intended to be an initial tranche of seventeen custodians the parties agreed to. This is especially problematic because, as Plaintiff has discussed repeatedly with counsel for Adobe, this initial set was intended to allow Plaintiff to identify additional, important custodians to pursue within the fact discovery deadlines—and not to be the be-all and end-all of fact discovery.

Despite Plaintiff's efforts to make the initial phase of fact discovery efficient, Adobe's productions so far have been slow in coming and limited in nature. Adobe only first produced *any* documents in this litigation on August 1, 2025, in a modest production of 1,381 documents that included, for example, publicly available press releases regarding Adobe's quarterly revenues that Plaintiff did not request, celebrations of Adobe's founders contained on Adobe's website, and many other documents that appear to have little discernible relevance to this lawsuit. Unger Decl. at ¶ 10.

To date, Adobe has only made that production and a second, limited production on August 22, 2025. As a result, Plaintiff still lacks much of the responsive ESI of the seventeen initial custodians. For example, Adobe's August 22, 2025, production includes fewer than 45 documents from the individual named defendant David Wadhwani and no more than 30 documents from Adobe's CEO, Shantanu

Narayen. *Id*. ¶ 12. Similarly, Adobe has still not produced responsive ESI comprising the individual defendants' discussions of the alleged Early Termination Fee that is at the heart of this lawsuit. Compl. ¶¶ 2-4. This means that more than a year after this lawsuit was filed, and deep into fact discovery, Adobe still has not produced the most obviously relevant cluster of Adobe internal communications.

Adobe's lengthy delays have been compounded by its adoption of unreasonable positions in discovery. As Plaintiff explains in its forthcoming Motion to Compel before Magistrate Judge Van Keulen, Adobe's refusal to collect and produce probative evidence post-dating the filing of a complaint alleging *ongoing* ROSCA violations, its failure to perform diligent, targeted searches for responsive materials, and its attempt to improperly lessen its discovery obligations in this litigation based on collections and productions in the FTC's separate pre-suit investigation, are groundless.

Finally, while prejudice to a non-moving party is a secondary factor in a Rule 16 analysis, *see Mosley v. Groupon, Inc.,* 2016 WL 4702680, at *1 (N.D. Cal. Sept. 10, 2016) (noting that "focus of the inquiry" is on moving party's reasons for seeking modification and diligence), Plaintiff notes that the requested extension will not in any way prejudice Defendants. This extension will not conflict with any other aspect of this case, and will allow Defendants sufficient time to comply with discovery obligations they have to date largely deflected, such as providing basic, substantive responses to fundamentally relevant interrogatories and producing their responsive documents.[1] Moreover, any prejudice to Defendants is "substantially outweighed by Plaintiffs' need to engage in discovery to adequately prepare for trial." *Lawrence v. San Francisco*, 2016 WL 3254232, at *3 (N.D. Cal. June 14, 2016).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to extend all deadlines by six (6) months to allow Plaintiff appropriate time to complete critical fact discovery.

---

[1] The individual defendants have also failed to produce documents in response to Plaintiff's discovery requests, which were first issued in March 2025. To date, all defendants have similarly failed to provide any substantive responses to Plaintiff's interrogatories.

Dated: August 27, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARMAD M. KHOJASTEH
Senior Counsel, Civil Division

LISA K. HSIAO
Acting Director, Consumer Protection Branch

ZACHARY A. DIETERT
Assistant Director

<u>/s/ *Francisco L. Unger*</u>
FRANCISCO L. UNGER
ZACHARY L. COWAN
WESLINE N. MANUELPILLAI
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, N.W. Suite 6400-S
Washington, D.C. 20530
Phone: (202) 598-3855
Email: Francisco.L.Unger@usdoj.gov

CRAIG H. MISSAKIAN
United States Attorney

<u>/s/ *Savith S. Iyengar*</u>
SAVITH S. IYENGAR
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7018
Email: Savith.Iyengar@usdoj.gov